# UNITED STATES DISTRICT COURT

**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA

V.

CRIMINAL COMPLAINT

**ALARIC "Rick" BOWERS**
(d.o.b. June 12, 1967)

CASE NUMBER: 09-M-530

I, Clayton M. Wible, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief. During the period from approximately June 2008 through March 2009, in the State and Eastern District of Wisconsin, and elsewhere, **ALARIC "Rick" BOWERS**, the defendant, did knowingly and intentionally execute a scheme to defraud a financial institution, the deposits of which were then insured by the federal government through the Federal Deposit Insurance Corporation (FDIC), in violation of Title 18, United States Code, Section 1344.

I further state that I am a Special Agent with the Federal Bureau of Investigation (FBI), and that this complaint is based on the following facts:

Please see the attached affidavit of Special Agent Clayton M. Wible.

Continued on the attached sheet and made a part hereof: _X_ Yes ___ No

Signature of Complainant
CLAYTON M. WIBLE

Sworn to before me and subscribed in my presence,

November 13, 2009
Date

at Milwaukee, Wisconsin
City and State

The Honorable William E. Callahan
United States Magistrate Judge
**Name & Title of Judicial Officer**

Signature of Judicial Officer

## AFFIDAVIT

I, Clayton M. Wible, being duly sworn, state the following:

1. I am a Special Agent (SA) assigned to the Milwaukee Division of the Federal Bureau of Investigation (FBI). I have been employed by the FBI for approximately thirteen years, during which I have been assigned to investigations of bank robberies, weapons trafficking, fugitives, kidnaping, white collar crime, civil rights and other violations of federal law, including violations of Title 18, United States Code, Section 1344 (bank fraud).

2. This affidavit is submitted in support of my application for a criminal complaint charging **Alaric L. Bowers**, who is known as "Rick" and whose date of birth is June 12, 1967, with executing a scheme to defraud a federally insured financial institution, in violation of Title 18, United States Code, Section 1344, and a warrant for **Bowers'** arrest.

3. The information contained in this affidavit is the product of either my own investigation, has been provided to me by representatives of state agencies such as the Wisconsin Department of Transportation, or has been provided to me by citizen witnesses, whom I believe to be reliable and, therefore, I believe the information is true and correct.

4. The information contained in this affidavit, however, is not an exhaustive account of everything I know about this investigation. Rather, it contains only the facts that I believe are necessary to establish probable cause for the requested criminal complaint and associated arrest warrant.

5. On September 8, 2009, I was contacted by a loss prevention officer for Tri City National Bank (Tri City Bank) concerning a series of loans the bank had made to **Alaric L.**

**Bowers** or his business, Preferred Luxury Leasing, LLC. At all times relevant, the deposits of Tri City Bank were insured by the federal government through the Federal Deposit Insurance Corporation (FDIC).

6. In particular, Tri City Bank made the following loans, all of which were secured by one or more vehicles, to Bowers, or his business, Preferred Luxury Leasing, LLC, and had gone into default.

    a. A loan in the amount of $290,000 made on June 24, 2008 to Preferred Luxury Leasing, LLC. Bowers provided Tri City Bank with collateral in the form of seven vehicles, including a 2008 Ferrari F430 F1 Spider (vehicle identification number ZFFEW59AO80160986), all of which he represented were owned by his business free and clear of any liens or other encumbrances. This loan is hereinafter referred to as the "2008 Ferrari loan."

    b. A loan in the amount of $95,000 made on August 13, 2008 to Preferred Luxury Leasing, LLC. Bowers provided Tri City Bank with collateral in the form of a 2005 Bentley (vehicle identification number SCBCR63W95C030192), which he represented was owned by his business free and clear of any liens or other encumbrances. This loan is hereinafter referred to as the "2005 Bentley loan."

    c. A loan in the amount of $125,000 made on December 18, 2008 to

2

Preferred Luxury Leasing, LLC. Bowers provided Tri City Bank with collateral in the form of three vehicles, including a 2007 Bentley (vehicle identification number SCBBR93W77C041126), all which he represented were owned by his business free and clear of any liens or other encumbrances. This loan is hereinafter referred to as the "2007 Bentley loan."

7. After Bowers defaulted on these loans, Tri City Bank attempted unsuccessfully to get Bowers to turn over the automobiles that served as collateral on the loans. In attempting to locate these vehicles, the bank discovered that Bowers did not own the 2008 Ferrari, (vehicle identification number ZFFEW59AO80160986), the 2005 Bentley (vehicle identification number SCBCR63W95C030192), or the 2007 Bentley (vehicle identification number SCBBR93W77C041126). As detailed below, at the time Bowers applied for the loans in question, he had already sold the vehicles to a third party or he later sold the vehicles without the knowledge or consent of Tri City Bank.

2008 Ferrari loan

8. As indicated above, on June 24, 2008, Bowers obtained a $290,000 loan on behalf of Preferred Luxury Leasing, LLC from Tri City Bank. To secure the loan and induce the bank to make it, Bowers also executed a chattel security agreement of behalf of his business providing seven vehicles, including a 2008 Ferrari (vehicle identification number ZFFEW59AO80160986), as collateral for the loan. In this security agreement, which is

3

dated June 24, 2008, Bowers represented that Preferred Luxury Leasing owned the collateral that the collateral was free and clear of all liens and encumbrances.

9. Records maintained by the Wisconsin Department of Transportation (DOT) reflect that on or about February 9, 2009, the title to the 2008 Ferrari was changed to reflect Donald Bobbs as the owner. Prior to this change, the vehicle had been titled in the name of Preferred Luxury Leasing, LLC, with the lien holder listed as Tri City Bank. DOT records reflect that this change was made electronically using dealer terminal number C923.

10. Investigator James Bartnik of the Wisconsin DOT confirmed that Bowers has a Wisconsin DOT automobile dealer license. This licensing allows Bowers to buy and sell automobiles in the State of Wisconsin. It also authorizes Bowers to electronically submit requests for new titles to reflect changes in ownership and/or the status of any liens placed on the automobiles. Bowers is able to submit such changes electronically using a terminal assigned to him with the unique terminal identification number of C923.

11. Wisconsin DOT records indicate that on or about March 9, 2009, the title to the 2008 Ferrari was electronically modified to reflect that the owner was Preferred Luxury Leasing, LLC, with the lien holder listed as Tri City Bank.

12. On October 13, 2009, I interviewed Donald Bobbs. In addition, on October 30, 2009, Bobbs was deposed by lawyers representing Tri City Bank. Bobbs stated that he had purchased the 2008 Ferrari from Bowers and took delivery of the car on June 24, 2008. Bobbs indicated that he paid a total of approximately $320,000 for the vehicle. Bobbs stated

that he ordered the vehicle from Bowers in January 2008, and, at Bowers request, made four payments, each in the amount of $50,000, towards the purchase price in January, February, March and April 2008. Bobbs stated it took some time for Bowers to provide a title for the vehicle and Bowers ultimately provided a title in February 9, 2009. Bobbs provided various documents, including a copy of this title, verifying his purchase of the 2008 Ferrari.

### 2005 Bentley

13. On August 13, 2008, Bowers obtained a $95,000 loan on behalf of Preferred Luxury Leasing, LLC from Tri City Bank. To secure the loan and induce the bank to make it, Bowers also executed a chattel security agreement of behalf of his business providing the bank with a security interest in a 2005 Bentley (vehicle identification number SCBCR63W95C030192), as collateral for the loan. In this security agreement, which is also dated August 13, 2008, Bowers represented that Preferred Luxury Leasing owned the collateral that the collateral was free and clear of all liens and encumbrances.

14. Wisconsin DOT records reflect that, at the time of loan, the title to the 2005 Bentley was held in the name of Preferred Luxury Leasing, LLC and the lien holder was Tri City Bank. On or about October 8, 2008, however, Wisconsin DOT records were electronically modified using terminal number C923 to change the title to the name of Wilbur Reynolds with the lien holder changed to JP Morgan Chase.

15. According to information and records provided by Reynolds, he purchased the 2005 Bentley from Bowers on August 11, 2008, and paid approximately $120,000. Reynolds

5

financed the purchased through JP Morgan Chase Bank, which issued a check in the amount of $112,930.90 payable to Preferred Luxury Leasing. Reynolds produced a title for the 2005 Bentley in Reynolds' name, which is dated October 8, 2008, that Bowers provided to Reynolds. Reynolds also produced a Wisconsin Title and License Application signed by Bowers for the 2005 Bentley indicating a delivery date of August 11, 2008.

2007 Bentley

16.  On December 18, 2008, Bowers obtained a loan on behalf of Preferred Luxury Leasing in the amount of $125,000 from Tri City Bank. To secure the loan and induce the bank to make it, Bowers also executed a chattel security agreement of behalf of his business providing three vehicles, including a 2007 Bentley (vehicle identification number SCBBR93W77C041126), as collateral for the loan. In this security agreement, which is dated December 18, 2008, Bowers represented that Preferred Luxury Leasing owned the collateral that the collateral was free and clear of all liens and encumbrances.

17.  Wisconsin DOT records reflect that, at the time of the loan, the title to the 2007 Bentley was held in the name of Preferred Luxury Leasing, LLC and the lien holder was Tri City Bank.

18.  On or about February 6, 2009, Wisconsin DOT records were electronically modified using terminal C923 to change the title for the 2007 Bentley to the name of Deborah Allen, doing business as Macallen Partnership, and the lien holder was changed to JP Morgan Chase Bank NA.

6

19. Allen was deposed by lawyers for Tri City National Bank and provided records concerning her purchase of the 2007 Bentley. Allen stated that she purchased the 2007 Bentley in the name of her business, Macallen Partnership. Allen stated that she had ordered the vehicle in March 2008 but did not take delivery until December 10, 2008. Allen indicated that she paid approximately $175,000 for the vehicle and, as part of the transaction, traded in a 2008 Mercedes model S550.

20. Allen provided copies of the following documents verifying her purchase of the 2007 Bentley: a purchase order on the letterhead of Preferred Luxury Leasing; a Wisconsin Title & License Application; and two Odometer Disclosure Statements and Statement of Prior Use, one for the 2007 Bentley and one for her 2008 Mercedes, both of which are dated December 10, 2008 and are signed by Allen and Bowers. Allen also provided copies of loan documents reflecting a loan she obtained from JP Morgan Chase Bank to finance the purchase of the 2007 Bentley. These loan documents include a copy of a cashier's check in the amount of $159,850 issued by JP Morgan Chase payable to Preferred Luxury Leasing.

21. Allen also produced a Wisconsin Certificate of Vehicle Registration and Title for the 2007 Bentley that Bowers had ultimately provided to her. The certificate, which indicates that it was issued on February 6, 2009, reflects Allens' business, Macallen Partnership, as the owner of the 2007 Bentley with JP Morgan Chase Bank as the only lien holder.

7

22. Based on the foregoing, I believe there is probable cause to believe that **Alaric L. Bowers** devised and executed a scheme to defraud Tri City Bank, a federally insured financial institution, in violation of 18 U.S.C. § 1344.

8